280-08/DPM/MAM
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Plaintiff
GLORY WEALTH SHIPPING PTE. LTD
80 Pine Street
New York, NY 10005
Telephone: (212) 425-1900 / Facsimile: (212) 425-1901
Don P. Murnane, Jr. (DM 3639)
Manuel A. Molina (MM 1017)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
GLORY WEALTH SHIPPING PTE. LTD.,

                    Plaintiff,

  -against-

SINOBULK LIMITED,

                    Defendant.
-----------------------------------------------------------x

08 CIV. _____

**VERIFIED COMPLAINT**

      Plaintiff GLORY WEALTH SHIPPING PTE. LTD. ("GLORY WEALTH"), by its attorneys Freehill Hogan & Mahar, LLP, as and for its Verified Complaint against Defendant SINOBULK LIMITED ("SINOBULK"), alleges upon information and belief as follows:

### JURISDICTION

1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure in that it involves claims for breaches of a maritime charter party contract. The case also falls within this Court's admiralty and maritime jurisdiction pursuant to 28 U.S.C. §1333, *et seq.* and / or the Arbitration Act, 9 U.S.C. §1 *et seq.* and /or §201 *et seq.* and this Court's federal question jurisdiction pursuant to 28 U.S.C. §1331.

## PARTIES

2. At all times relevant hereto, GLORY WEALTH was and still is a foreign business entity organized and existing under the laws of a foreign country, with a registered office and place of business at 6 Temasek Boulevard, #25-03 Suntec City Tower Four, Singapore.

3. At all times relevant hereto, SINOBULK was and still is a business entity organized and existing under the laws of a foreign country, with an office and place of business at Room 3207, Tower A, Top Yihe International Building, 10 Hong Kong Road, Qindao, China.

## NATURE OF THE CLAIMS

### A. OUTSTANDING FREIGHT CLAIM

4. On or about October 25, 2007, GLORY WEALTH, as Disponent Owner of the M/V CATRIENA, entered into a maritime contract on an amended GENCON charter party form with SINOBULK, as Charterer, for the use and operation of the vessel.

5. The voyage charter party contract between GLORY WEALTH and SINOBULK contemplated one charter trip for the transportation onboard the vessel of 71,731 MT of iron ore, from the loading port of Sepetiba, Brazil, to the discharging port of Xingang, China.

6. GLORY WEALTH tendered the M/V CATRIENA under the charter party agreement and the vessel commenced performance under the command and operation of SINOBULK.

7. GLORY WEALTH has met all of its obligations to SINOBULK pursuant to their voyage charter party agreement.

8. As per the terms and conditions of the voyage charter party, SINOBULK was required to pay freight in the sum of $6,455,790.00 (that is, a freight rate of $90.00 per Metric Ton). See Exhibit A annexed hereto (November 27, 2007 Freight Invoice). SINOBULK,

however, partially paid $6,133,000.50. Although GLORY WEALTH duly demanded payment of the outstanding freight, SINOBULK, in violation of the charter party contract, has wrongfully refused or otherwise failed to pay the remaining sum of $322,789.50 due to GLORY WEALTH. See Exhibit A.

### B. OUTSTANDING DEMURRAGE CLAIM

9. As per the terms of the charter party, SINOBULK was required to complete loading and discharge operations within a defined period of time (the laytime). Defendant SINOBULK was required to pay to GLORY WEALTH the sum of $11,000.00/day as demurrage for each day the vessel was utilized by the Defendant in excess of the time allotted in the charter party for loading and discharge operations. Essentially, demurrage is the amount agreed by the parties (in the form of liquidated damages) that is payable to the shipowner by the charterer in respect of delays during the loading and discharging of the vessel beyond the laytime.

10. At the loading port of Sepetiba, SINOBULK was required to complete cargo operations in 1 days, 13 hours and 25 minutes (*i.e.* the laytime). SINOBULK, in breach of the voyage charter party, completed loading operations in 7 days, 00 hours and 20 minutes. As a result, Defendant utilized the vessel 5 days, 13 hours and 54 minutes above and beyond the laytime. Accordingly, SINUBULK incurred demurrage at the port of Sepetiba in the sum of $61,372.30 (5.5793 x $11,000.00) for which it became and is liable to GLORY WEALTH. See Exhibit B (Laytime Statement).

11. GLORY WEALTH has made due demand for payment to SINOBULK in the sum of $61,372.30 (Exhibit B). SINOBULK however, in breach of the charter party, has refused or have otherwise failed to pay.

## RELIEF SOUGHT

12. Pursuant to the terms of the charter party contract, all disputes are subject to London arbitration, with English law to apply. GLORY WEALTH has commenced arbitration proceedings against SINOBULK in London. GLORY WEALTH specifically reserves its right to arbitrate the merits of its dispute with SINOBULK pursuant to the terms of the charter party contract.

13. This action is brought to obtain jurisdiction over SINOBULK and to obtain security in favor of GLORY WEALTH in respect to its outstanding freight claim against SINOBULK, including but not limited to interest, GLORY WEALTH's anticipated attorneys' fees and costs in the arbitration, all of which are recoverable as part of the Plaintiff's main claims under English law.

14. After investigation, Defendant SINOBULK cannot be "found" within this District for the purpose of Rule B of the Supplemental Rules of Certain Admiralty and Maritime Claims, but Plaintiff is informed that Defendant has, or will shortly have, assets within this District comprising, *inter alia*, cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, sub-freights, charter hire and/or sub-charter hire, of, belonging to, due or for the benefit of Defendant or as may be held, received or transferred for its benefit at, moving through, or being transferred and/or wired to or from banking institutions or such other garnishees who may be served with a copy of the Process of Attachment issued herein.

15. As nearly as presently can be computed, the total amount sought to be attached pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims by GLORY WEALTH against SINOBULK includes:

(a) GLORY WEALTH's claim for outstanding freight in the sum of $322,789.50;

(b) GLORY WEALTH's claim for outstanding freight in the sum of $61,372.30

(c) Interest in the amount of $88,910.14, calculated on the above sums at the rate of 7% per annum, compounded quarterly, for three years, the estimated time it will take to obtain a final arbitration award according to the advice of English solicitors, which interest is recoverable under English law; and

(d) Legal fees, arbitrator fees and costs that will be incurred by Plaintiff in respect to the London arbitration which are recoverable pursuant to English law and are estimated to be by English solicitors in the sum of $75,000.

16.    Based upon the foregoing, the total amount GLORY WEALTH seeks to attach in this action, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, is **$548,071.94.**

W H E R E F O R E, Plaintiff GLORY WEALTH prays:

a. That process in due form of law according to the practice of this Court may issue against Defendant SINOBULK, citing it to appear and answer the foregoing, failing which a default will be taken against it for the principal amount of the claim of $384,161.80, plus interest, costs and attorneys' fees;

b. That if the Defendant cannot be found within this District pursuant to Supplemental Rule B, all tangible or intangible property of the Defendant as described herein, up to and including the amount of the claims of **$548,071.94** be restrained and attached, including, but not limited to any cash, funds, credits, debts, wire transfers, accounts, letters of credit, freights, charter hire, sub-charter hire, and/or other assets of, belonging to, due, held or being transferred to or for the benefit of the Defendant at, moving through, or being transferred and/or wired

to or from banking institutions or such other garnishees who may be served with a copy of the Process of Attachment issued herein;

c. That the Court enter an order directing Defendant to appear and respond in arbitration as required, or, to the extent an award is rendered against the Defendant, to confirm that award as a judgment of this Court; and

d. That Plaintiff have such other, further and different relief as this Court may deem just and proper.

Dated: New York, New York
May 28, 2008

> FREEHILL HOGAN & MAHAR, LLP
> Attorneys for Plaintiff
> GLORY WEALTH SHIPPING PTE. LTD.
>
> By: _____
> Don P. Murnane, Jr. (DM 3639)
> Manuel A. Molina (MM 1017)
> 80 Pine Street
> New York, NY 10005

## ATTORNEY VERIFICATION

State of New York )
) ss.:
County of New York )

Don P. Murnane, Jr., being duly sworn, deposes and says:

1. I am a member of the law firm of Freehill Hogan & Mahar, LLP, attorneys for the Plaintiff in this action. I have read the foregoing Amended Verified Complaint and know the contents thereof, and the same is true to the best of my knowledge, information and belief.

2. The sources of my information and the grounds for my belief are communications from our client and documents provided by our client regarding this claim.

3. The reason this verification is made by an attorney and not by the Plaintiff is because the Plaintiff is a foreign entity, none of whose officers are presently within the State of New York.

_____
Don P. Murnane, Jr.

Sworn to before me this
28th day of May, 2008

_____
NOTARY PUBLIC

HAZEL S. ROSENTHAL
Notary Public, State of New York
No. 01RO4641178
Qualified in Queens County
Certified in New York County
Commission Expires Dec. 31, 2010

# EXHIBIT A



## *Glory Wealth Shipping Pte Ltd*

## 富顺船务有限公司

## **FREIGHT INVOICE**

Due Date:  2007-11-27

TO   SINOBULK LIMITED

Vessel   **CATRIENA**
Loadport   Sepetiba, Brazil
Disport   Xingang, China
Cargo   Iron Ore
Quantity   71,731.000     mts
B/L date   2007-11-17

| No. | Particulars | | Debit | Credit |
|---|---|---|---|---|
| 1 | Cargo quantity | 71,731.000 | | |
| 2 | Freight rate | US$90.00 | | |
| 3 | Gross Freight | US$6,455,790.00 | | |
| 1 | Prepaid | 95.00% | US$6,133,000.50 | |
| 2 | Address commission | | | US$0.00 |
| 3 | Brokerage | | | US$0.00 |
| 4 | Dem/des at L/port | | | |
| 5 | Dem/des at D/port | | | |
| 6 | Others | | | |
| 7 | Remittance | | | |
| | Subtotal | | US$6,133,000.50 | US$0.00 |
| | Total Due To Owners | | | **US$6,133,000.50** |
| | Grandtotal | | US$6,133,000.50 | US$6,133,000.50 |

E. & O.E.

Please remit to:
CORRESPONDENT BANK:
HSBC BANK USA, NEW YORK
SWIFT ADDRESS: MRMDUS33
ABA NO.: 021001088

BENEFICIARY BANK:
HSBC, SINGAPORE
SWIFT ADDRESS: HSBCSGSG

BENEFICIARY:
GLORY WEALTH SHIPPING PTE LTD
USD A/C NO.: 260-579230-178

PAYMENT DETAILS (IF ANY): Feight Payment of MV.CATRIENA

# EXHIBIT B

 

## GLORY WEALTH SHIPPING

### LAYTIME STATEMENT
#### CPDD 25OCT07

| M/V | CATRIENA | | LOADED AT | ITAGUAI |
|---|---|---|---|---|
| Shipper | | | | |

| | dd/mm/yy | hh:mm | Day |
|---|---|---|---|
| VESSEL ARRIVED: | 13-Nov-07 | 10:00 | Tue |
| NOTICE OF READINESS TENDERED: | 13-Nov-07 | 10:00 | Tue |
| NOR ACCEPTED: | 13-Nov-07 | 10:00 | Tue |
| VESSEL BERTHED: | 16-Nov-07 | 9:40 | Fri |
| LOADING COMMENCED: | 16-Nov-07 | 15:10 | Fri |
| LOADING COMPLETED: | 17-Nov-07 | 21:00 | Sat |
| LAYTIME COMMENCED TO COUNT FROM: | 13-Nov-07 | 16:00 | Tue |

| BILL OF LADING TONNAGE LOADED | 71,731.00 | MT | |
|---|---|---|---|
| DEMURRAGE RATE | 11,000 | USD | as per agreement |
| DESPATCH RATE | 5,500 | USD | |
| LOADING RATE AS PER AGREEMENT: | 50,000 | MT | SHINC |

| DATE | DAY | FROM hh:mm | TO hh:mm | TIME TO COUNT Y/N | | DESCRIPTION | TIME USED d hh mm | TOTAL TIME d hh mm | REMARKS |
|---|---|---|---|---|---|---|---|---|---|
| 13-Nov-07 | Tue | 16:00 | 24:00 | Y | 1.0 | | 0 08 00 | 0 08 00 | |
| 14-Nov-07 | Wed | 0:00 | 24:00 | Y | 1.0 | | 1 00 00 | 1 08 00 | |
| 15-Nov-07 | Thu | 0:00 | 6:18 | Y | 1.0 | | 0 06 18 | 1 14 18 | |
| | | 6:18 | 8:12 | N | 0.0 | SHIFTING | 0 | 1 14 18 | |
| | | 8:12 | 24:00 | Y | 1.0 | | 0 15 48 | 2 06 06 | |
| 16-Nov-07 | Fri | 0:00 | 6:54 | Y | 1.0 | | 0 06 54 | 2 13 00 | |
| | | 6:54 | 9:40 | N | 0.0 | SHIFTING | 0 | 2 13 00 | |
| | | 9:40 | 24:00 | Y | 1.0 | | 0 14 20 | 3 03 20 | |
| 17-Nov-07 | Sat | 0:00 | 19:20 | Y | 1.0 | | 0 19 20 | 3 22 40 | |
| | | 19:20 | 20:10 | N | 0.0 | TRIMMING CAL | 0 | 3 22 40 | |
| | | 20:10 | 21:10 | Y | 1.0 | | 0 01 00 | 3 23 40 | |
| 29-Oct-07 | Mon | 8:15 | 24:00 | Y | 1.0 | | 0 15 45 | 4 15 25 | DOUBLE PROSPERITY |
| 30-Oct-07 | Tue | 0:00 | 24:00 | Y | 1.0 | | 1 00 00 | 5 15 25 | |
| 31-Oct-07 | Wed | 0:00 | 24:00 | Y | 1.0 | | 1 00 00 | 6 15 25 | |
| 01-Nov-07 | Thu | 0:00 | 8:55 | Y | 1.0 | | 0 08 55 | 7 00 20 | |

| TIME ALLOWED: | 1 d 10 hrs 25 mins | | TOTAL TIME USED: | 7 d 00 hrs 20 mins |
|---|---|---|---|---|

| TIME LOST | 5 d 13 hrs 54 mins |
|---|---|

| DEMURRAGE DUE IN DAYS: | 5.5793 | at US$ | 11,000 | pdpr= | 61,372.30 US$ |
|---|---|---|---|---|---|
| des/dem sums | 5.5793 | | | | |

E.o.E.